# IN RE HILLARD.

---

### PATENTS; ANTICIPATION.

1. Claims for an invention relating to escapement mechanism for typewriting machines, covering broadly the beveling of the faces of the pawls or dogs engaging the rack to regulate the movement of the carriage, *held* to be anticipated by an invention incorporated as early as 1900 in a Remington machine and found by judicial decision to amount to a valuable contribution to public use.

2. A single machine built and used prior to the date a subsequent inventor entered the field, and embodying the invention, will constitute a sufficient anticipation.

No. 1177.   Patent Appeals.   Submitted January 14, 1919.   Decided
March 31, 1919.

HEARING on an appeal from a decision of the Commissioner
of Patents rejecting the claims of an application for a patent.
*Affirmed.*

The facts are stated in the opinion.

*Mr. Thomas Ewing* and *Mr. V. M. Dorsey* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

PER CURIAM: This appeal [by Frederic W. Hillard] is from
the decision of the Commissioner of Patents rejecting certain
claims for an invention relating to escapement mechanism for
typewriting machines, covering broadly the beveling of the faces
of the pawls or dogs engaging the rack to regulate the movement
of the carriage.

The case has been pending in the courts and the Patent Office in one form or another for about twenty-three years.   The
record is very voluminous.   The decisions of the three tribunals of the Patent Office are unanimous in holding that the
claims are anticipated by an invention of one Diss incorporated
into a Remington machine as early as 1890, and therefore are
not patentable to appellant.

The contention of appellant that the Diss invention is only an
abandoned experiment is without merit.   That what Diss did
amounted to a valuable contribution to public use was held in
*Hilliard* v. *Remington Typewriter Co.* 163 Fed. 281.   Granting, however, that but one Diss machine was built and used
prior to the date appellant entered the field, this would constitute a sufficient anticipation.   *Twentieth Century Mach. Co.* v.
*Loew Mfg. Co.* 156 C. C. A. 153, 243 Fed. 373; *Coffin* v. *Og-*

*den,* 18 Wall. 120, 21 L. ed. 821; *Brush* v. *Condit,* 132 U. S. 39, 33 L. ed. 251, 10 Sup. Ct. Rep. 1.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                                          *Affirmed.*